UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                        Case No. 14-12275

James Mercier,                                               Sean F. Cox
                                                                  United States District Court Judge

    Defendant,

and

Vanguard Group,

    Garnishee.
_____/

**OPINION & ORDER**

       This garnishment proceeding stems from a criminal judgment issued by this Court that imposed a fine against Defendant James Mercier ("Mercier"). The Government is now attempting to satisfy the Judgment and sought writs of garnishment in this action. The matter is currently before the Court on Mercier's objections to a continuing writ of garnishment issued to the Vanguard Group ("Vanguard"). The parties have briefed the issues and the Court held a conference with Counsel on June 9, 2014. As explained more fully below, after careful review of the entire record and the Judgment issued by this Court in the criminal case, this Court concludes that the Government has a Judgment against Mercier for fines and costs totaling only $15,100. Moreover, it is undisputed that Mercier has already paid $15,100. This Court therefore concludes that the Government is not entitled to the funds held by Vanguard.

1

## BACKGROUND

This miscellaneous case initiated by the Government, Misc. Case No. 14-50364, also involves the proceedings and Judgment issued in Criminal Case No. 13-20678.

In Criminal Case No. 13-20678, Mercier was represented by retained counsel, Donald Ferris, Jr. Pursuant to a Rule 11 Agreement, Mercier pleaded guilty to Count I of the Information, which charged receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The Rule 11 Agreement included no agreement as to fines and stated that restitution was not applicable. The Rule 11 Agreement provided that Mercier waived any right to appeal his conviction, and stated he waived the right to appeal his sentence – if it does not exceed the maximum recommendation allowed by Part 3 of the agreement (which made no agreement as to the fine imposed).

**The Presentence Investigation Report**

The Presentence Investigation Report ("PSR") stated that the maximum fine for Count I is $250,000.00. (PSR at 1 & 16). It included a section titled "Fines" that stated:

> 66. Statutory Provisions: The maximum fine for Count 1 is $250,000.00. 18 U.S.C. § 3571(b).
> 67. A special assessment of $100.00 is mandatory for Count 1. 18 U.S.C. § 3013.
> 68. *Guideline Provisions: The fine range for this offense is from $15,000.00 to $150,000.00.* USSG §5E1.2(c)(3).
> 69. Costs of prosecution shall be imposed on the defendant as required by statute. USSG§5E1.5. *In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.* USSG§5E1.2(d)(7) and 18 U.S.C. §3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative

Office of the United States Courts, dated May 17, 2013, provides the following monthly cost data:

|  | Federal Prison Facilities | Community Correction Centers | Supervision |
|---|---|---|---|
| Daily | $79.31 | $73.78 | $9.17 |
| Monthly | $2,412.33 | $2,244.17 | $278.95 |
| Annually | $28,948.00 | $26,930.00 | $3,347.41 |

Based on a presumptive guideline range of 97 to 121 months, the costs of incarceration for a within guideline range sentence would be $233,996.01 to $291,891.93.

(PSR at 16) (emphasis added).

### The Sentence Imposed At The Sentencing Hearing

This Court sentenced Mercier on February 5, 2014. In connection with this miscellaneous case, this Court reviewed the audio tape of Mercier's sentencing hearing, wherein this Court imposed the fine. This Court stated that it was imposing a fine of $15,000 – which was at the bottom of the guidelines range as to fines. This Court also stated that it was "not waiving the costs of incarceration or supervision." However, this Court did not state that it was "ordering Mercier to pay" the costs of incarceration/supervision, nor did it discuss the amount of the estimated costs of incarceration/supervision.

### The Judgment Issued

This Court issued the Judgment in this case on February 11, 2014. Notably, the section of the Judgment titled "Criminal Monetary Penalties" states that the Court imposed an assessment fee of $100, did not order any restitution, and imposed a "fine" of $15,000.00. This section does not state anything regarding Mercier being ordered to pay costs of incarceration or supervision.

Under the section of the Judgment titled, "Imprisonment," the Judgment states that

Mercier was sentenced to 97 months imprisonment. It also states: "The defendant must pay the costs of incarceration." It does not state a specific amount, or even an estimated amount, of those costs, nor does it state when such costs must be paid.

The section titled "Supervised Release" provides that Mercier shall be on supervised release for five years." The section titled "Special Conditions of Supervision" states that "The defendant must pay the costs of supervision." It does not state a specific amount, or even an estimated amount, of those costs, nor does it state when such costs must be paid.

The Statement of Reasons section states that the Court adopted the PSR without change. It also states that the Court's determination of advisory guideline range included a "fine range" of $15,000.00 to $150,000.00.

**Post-Judgment Events**

Defendant Mercier did not file a direct appeal of his conviction or sentence and the time for doing so has expired.

According to the parties' briefs, Defendant Mercier reported to the Federal Correctional Institute at Milan, Michigan on March 25, 2014 – to begin serving his 97- month sentence. He is expected to be incarcerated until April 8, 2021. (*See* Govt.'s Br., D.E. No. 17 at 3). Thus, he has only been incarcerated a few months.

On March 20, 2014, the Government initiated Miscellaneous Case No. 14, 50364 by filing three separate applications for writs of continuing garnishment (Docket Entry Nos. 1, 2, & 3). Those were obtained so that the Government could garnish funds held by: 1) Fidelity Investments; 2) Principal Financial Group; and 3) Vanguard. The Government's applications state that it is seeking a writ of garnishment "*upon the judgment entered against*" Defendant

Mercier *"in Case No. 13CR20678 01 in the amount of $265,833.01*, plus post judgment interest at the rate of .12%. The sum of $15,100.00 has been credited to the judgment debt, leaving a total balance due of $250,733.01 (without the post-judgment accrual of interest) as of March 20, 2014. Demand for payment of the above-stated debt was made upon the debtor not less than 30 days from March 20, 2014, and debtor has failed to satisfy the debt." (D.E. No. 2) (emphasis added).

### Mercier's Objections To Garnishment

Vanguard filed an "Answer Of Garnishee To The Writ Of Garnishment" (Docket Entry No. 15) stating that, on the date that it received the Writ, Defendant Mercier had an account valued at $127,336.27. It further stated that the account would be frozen until it received further instruction from the Court.

Thereafter, acting through Counsel Margaret Rabin, Mercier filed Requests for Hearing About the Garnishment and Claim for Exemptions (Docket Entry Nos. 12, 13, & 14). Mercier asserts that the Government's attempt to garnish $265,833.01 is illegal because it exceeds the statutory maximum fine for his offense of conviction, which is $250,000. He asks the Court for an order "limiting the total garnishment of Defendant's assets to not more than $250,000." Mercier directs the Court to *United States v. Zakharia*, 418 F. App'x. 414 (6th Cir. 2011) and *United States v. Mordine*, 366 F.3d 93, 94 (2nd Cir. 2004).

Defendant Mercier's position is that, by statute, the maximum fine that could be imposed on him with respect to Count 1 is $250,000. He already paid the $15,000 fine imposed and the $100 special assessment. But the Government is trying to garnish his retirement accounts in order to garnish a total of more than $265,000. Mercier contends the Government cannot do that.

He notes that this Court did not sentence him to pay $265,733.01. Rather, the Court ordered him to pay a $15,000 fine, a special assessment of $100, and "then unspecified costs" of incarceration and supervision.

Mercier states that his deadline for filing a notice of appeal was February 25, 2014 – but the Government did not try to garnish his retirement accounts until March 20th, after that date passed. Thus, Mercier could not have appealed the judgment because on the face of it, a fine of more than $250,000 was not imposed, and he did not know the Government was going to attempt to collect more than $250,000 until it filed the miscellaneous action.

**The Government's Position**

The Government asserts that Mercier is improperly trying to collaterally attack the judgment in this garnishment proceeding. The Government asserts:

> At the time of sentencing, the cost of incarceration for 97 months was determined[1] to be $233,996.01 (97 times the monthly rate of $2,412.33) Cost of supervised release for 5 years was determined to be $16,737.05 (5 times the annual rate of $3,347.41). Including these costs as part of the fine brought the *potential fine imposed at sentencing to $265,733.06.*

(Govt.'s Br., D.E. No. 17, at 2) (emphasis added). Although the Judgment issued by this Court does not give either a specified amount or any means of determining the amount of the costs of supervision/incarceration, or when it is to be computed or paid, the Government states that it has "calculated the amount of the fine due from Defendant based upon the maximum length of incarceration as imposed at sentencing." (*Id*. at 3). It then takes the position that, to date, it has

---

[1] Again, although the PSR contained estimates as to the costs of incarceration/supervision, this Court did not make any determinations as to such costs in orally imposing sentence or in the written judgment.

only attached approximately $127,336 of Defendant's assets, so it is below the $250,000 statutory maximum fine in any event.

## ANALYSIS

In this miscellaneous action, the Government applied for several writs of continuing garnishment, including the one sent to Vanguard, pursuant to 28 U.S.C. § 3205(b)(1) and 18 U.S.C. § 3613(a).

Section 3613 governs civil remedies for satisfaction of an *unpaid fine* and provides that the United States "may enforce *a judgment imposing a fine* in accordance with the practices and procedures for the enforcement of civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) (emphasis added).

Section 3205 provides that a court may issue a writ of garnishment against property in which the debtor has a substantial nonexempt interest "in order to satisfy *the judgment against the debtor*." 28 U.S.C. § 3205(a) (emphasis added).

After a writ of garnishment is issued by the Court, the Government must serve the garnishee and the judgment debtor with the a copy of the writ of garnishment. 28 U.S.C. § 3205(a)(3).

After the garnishee answers the writ of garnishment, indicating that it holds funds of the debtor, the judgment debtor "'may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C. §3205(a)(5).

Here, the Government's Application for Writ of Garnishment stated that it was seeking a writ of garnishment "upon the judgment entered against [Mercier] . . . in Case No. 13CR20678

7

01 *in the amount of $265,833.01*, plus post judgment interest at the rate of .12%." (Docket Entry No. 2) (emphasis added).

The Clerk's Notice of Garnishment, drafted by the Government and sent to Mercier, stated: "You are hereby notified that a garnishment is being taken by the United States of America, which has *a judgment in Case No. 13CR20678 01* in the United States District Court for the Eastern District of Michigan, Southern Division *in the sum of $265,833.01*. A balance of $250,733.01, exclusive of interest, remains outstanding." (Docket Entry No. 9) (emphasis added).

After Vanguard filed an Answer, stating that it holds funds belonging to Mercier in the amount of approximately $127,000, Counsel for Mercier requested a hearing and stated objections in two different submissions. Those objections include, but are not limited to, that the Government's attempt to garnish $265,733.01 is improper because *"this Court did not sentence Defendant to pay $265,733.01 in financial penalties*." (D.E. No. 22 at 2) (emphasis added). In other words, Defendant Mercier's objections include that he disputes the amount of the Judgment issued in the criminal case.

In order to evaluate Mercier's objections to the Vanguard garnishment, this Court must first look to the underlying Judgment in the criminal case. *Through no fault of the parties*, this is not a simple or routine inquiry in this particular matter.

In *Zakharia* – which was issued prior to Mercier's sentencing – the Sixth Circuit explained that "[t]he assessment of any costs of probation and confinement are now an inherent part of a fine. As one court has explained, 'In 1997, the guidelines were amended so that *costs of supervision or imprisonment would no longer be assessed in isolation from the defendant's*

8

*punitive fine*. As reflected in the revised guideline, §5E1.2(d)(6), costs of imprisonment and supervision are now supposed to be one among several factors considered in determining the defendant's fine.'" *United States v. Zakharia*, 418 F. App'x. at 419 (quoting *United States v. Mordini,* 366 F.3d 93, 04 (2d Cir. 2004) (emphasis added).[2]

In orally[3] pronouncing sentence on February 5, 2014, this Court stated that is was imposing a fine of $15,000 and a special assessment of $100. This Court also stated that it "was not waiving" the costs of incarceration. This Court did not, however, state that it was ordering Mercier to pay any costs of incarceration in addition to the $15,000 fine and $100 special assessment imposed.

This Court later issued the written Judgment in the criminal case. Notably, in the section of the Judgment that deals with Criminal Monetary Penalties, this Court imposed only a fine of

---

[2]In that case, the defendant pleaded guilty under a Rule 11 Agreement that provided that the maximum fine would be $100,000 (the statutory maximum for a Class A misdemeanor). At sentencing, however, the district court imposed a fine of $100,000, and assessed costs of confinement of $10,605.04. The defendant appealed, asserting that the combined amount of the fines and costs exceeded the maximum fine of $100,000, and therefore his sentence is unlawful. The Sixth Circuit agreed. It noted that a sentence that exceeds a statutory maximum is unlawful, and explained that the district court erred when it required the defendant to pay $10,605.54 in costs over and above the maximum $100,000 fine that is also levied. *Id*. at 420.
  Mercier's maximum fine, by statute, was $250,000. *If* this Court had imposed a fine of $15,000, and then also imposed a monetary award for the costs of incarceration/supervision, such that the total of those amounts exceeded $250,000, that would have constituted an unlawful fine under *Zakharia*. That also would have been an upward departure from the agreed-upon Guidelines fine range of $15,000 to $150,000 – without this Court having indicated at sentencing that it was departing upward or the reasons why. *See United States v. Mordini*, 366 F.3d 93, 94-95 (2d Cir. 2004). But that is not what this Court did.

[3]"If there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

9

$15,000 and a special assessment fee of $100.

While this Court also included, in other sections of the Judgment dealing with imprisonment and supervised release, two sentences stating that Defendant "must pay" the costs of incarceration and supervision, it notably did not include any specific monetary awards for such costs.[4] (Compare the Judgment entered against Mercier with the judgments issued in *Zakharia, supra, United States v. Tiser*, 170 F. App'x. 396, 398 (6th Cir. 2006), and *United States v. Breeding*, 109 F.3d 308, 309 (6th Cir. 1997), where the sentencing courts issued judgments setting forth specific amounts for costs of incarceration and supervised release).

After careful review of the entire record and the Judgment issued by this Court, this Court concludes that the Government has a Judgment for fines and costs totaling only $15,100. Moreover, it is undisputed that Mercier has already paid $15,100. This Court therefore concludes that the Government is not entitled to the funds held by Vanguard.

## CONCLUSION

For the reasons explained above, IT IS ORDERED that Defendant Mercier's Objections are SUSTAINED and the Court RULES that the funds held by Vanguard are NOT subject to garnishment.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June

---

[4] Nor did this Court specify when or how such costs would be calculated, or who would determine the costs.

11, 2014, by electronic and/or ordinary mail.

                         S/Jennifer McCoy
                         Case Manager